IN THE MATTER OF THE APPEAL OF SAM FRANK, FROM AN ORDER ADJUDGING HIM GUILTY OF CONTEMPT OF THE HUDSON COUNTY COURT OF QUARTER SESSIONS.

Argued October 1, 1946—Decided April 25, 1947.

Before Justices PARKER and DONGES.

For the appellant, *Maurice M. Krivit, William Reger* and *Abraham J. Slurzberg.*

For the respondent, State of New Jersey, *Horace K. Roberson,* Prosecutor of the Pleas for Hudson County, and *Simon L. Fisch,* Deputy Attorney-General.

The opinion of the court was delivered by

DONGES, J. Appellant seeks a summary view under *R. S.* 2 :15–3, *et seq.,* of a conviction and judgment for contempt of process of the Hudson County Court of Quarter Sessions.

Appellant was adjudged in contempt of said court for failure to obey two *subpœnas ad testificandum* to appear as a witness at the trial of certain defendants. On May 24th, 1946, judgment was entered against appellant and he was sentenced to sixty days in the Hudson County jail and to pay a fine of $200, plus court costs, for failure to obey a subpœna to testify served upon him in the case of State v. James A. Mullanaphy et al., and was adjudged guilty of contempt and sentenced to sixty days in the Hudson County jail and to pay a fine of $200, plus costs, for failure to obey a subpœna to testify served upon him in the case of State v. Joseph J. Topolesky et al. The sentences were to run consecutively and not concurrently.

The appeal is submitted on the record and testimony taken on the hearing in the Court of Quarter Sessions. From the record it appears that appellant was indicted with Mullanaphy and Topoleski and five other persons for alleged conspiracy in two indictments. On December 3d, 1942, he pleaded guilty to both indictments in the Hudson County Quarter Sessions Court and was sentenced to one year in jail. Sentence was postponed or suspended. The state sought trial of the indictments against Topoleski and Mullanaphy on April 8th, 1946. Appellant appeared at the Prosecutor's office on April 5th, 1946, when he was served with two subpœnas, one in each of the above mentioned cases. It is not disputed that the subpœnas were duly served on appellant on April 5th for his appearance on April 8th, 1946. The appellant did not appear as directed by the subpœnas. The trial of the cases was adjourned for one week because of the absence of the appellant. Appellant was apprehended in New York City as a fugitive from justice, where he waived requisition and voluntarily returned to New Jersey. On May 9th, 1946, hearing was held and continued to May 24th, when further argument was heard and the court adjudged appellant guilty of contempt and sentence was imposed.

Under *R. S.* 2:15–5 this court is "invested with jurisdiction and required to rehear the matter of contempt upon which the conviction was founded, both upon the law and the facts."

Case No. 409 is a motion by appellant for a rule to have this court consider *Exhibit No.* 1, appended to the state of case, and not part of the record before the Court of Quarter Sessions. By the rule signed by Chief Justice Case, ordering the record of the Quarter Sessions Court to be certified to this court, it was ordered "that in lieu of taking depositions to inquire into and ascertain all facts relative and pertinent to this matter, that this court re-hear the matter exclusively on the record and testimony taken at the hearing before Court of Quarter Sessions," which rule was consented to by counsel for the appellant and the state.

We conclude that the motion should be denied, first, because the exhibit was no part of the record before the Court of Quarter Sessions, and, second, because we deem it of no materiality to the disposition of the merits of the case, either of the law or the facts.

Appellant sets up five grounds of appeal in his petition, namely,

"(a) The said sentence exceeded the penalty set forth in the subpœna, to wit: the sum of $250.00.

"(b) No tender of the statutory witness fees was made to the petitioner.

"(c) The said Court did not afford petitioner due process of law under the Fourteenth Amendment of the Constitution of the United States of America, by compelling him to stand trial to the charge of contempt without notifying him of the offense with which he was charged, either by interrogatories or by a rule to show cause.

"(d) Said court should have acquitted petitioner instead of convicting him in that his guilt was not established beyond a reasonable doubt, and

"(e) Said sentence were unjust, oppressive and excessive."

In the brief for appellant it is argued that the Court of Quarter Sessions never acquired jurisdiction because appellant was not given proper notice thereof and because of failure of complaint and process. The record discloses that, upon the day of the hearing, May 9th, 1946, the Deputy Attorney-General appearing for the state, appellant had been brought

in by *capias* and for his failure to respond to the subpœnas issued in the two criminal cases before mentioned. At that time the Deputy Attorney-General said:

"I move, if your Honor please, that Sam Frank be now adjudged in contempt of this court for his failure to obey the subpœna and mandate of this court.

"The court: Which one? Which subpœna?

"Mr. Fisch: Both of them; each of them; and that Sam Frank, being present here with his counsel, Mr. Krivit, I am prepared now, if your Honor please, in the event that Sam Frank desires a hearing on this motion, to proceed with my proof with reference to the service of the subpœnas and his failure to appear.

"The court: How long will it take so far as you are concerned?

"Mr. Fisch: So far as I am concerned it won't take more than five minutes.

"The court: Are you prepared, Mr. Krivit, to go ahead on this?

"Mr. Krivit: I am prepared. My case won't take very long.

"The court: You desire a hearing, I presume.

"Mr. Krivit: Yes, sir.

"The court: Very well. Let us proceed."

Thereupon witnesses were sworn and examined by the representatives of the state and cross-examined by the attorney for the appellant.

There can be no question of the jurisdiction of the Court of Quarter Sessions to hear and determine the question of appellant's contempt for failure to obey the subpœnas alleged to have been served upon him. *Croasdale* v. *Atlantic Quarter Sessions,* 88 *N. J. L.* 506; *affirmed,* 89 *Id.* 711. Following the decision in that case the legislature enacted chapter 37 of the laws of 1917, the pertinent part of which is now *R. S.* 2:15–1. Nor can there be the slightest doubt that appellant submitted himself to the jurisdiction of the court. He was afforded ample opportunity to challenge the truth of the charges and "a fair opportunity of denying or confessing their truth." *In re Cheeseman,* 49 *Id.* 115, 143.

We conclude there is no merit in this point. But, in any event, the point is without effect because, under the statute, this court is clothed with jurisdiction to determine the matter, both upon the law and the facts. Appellant has chosen this means of review. His remedy for lack of jurisdiction in the lower court would be by *certiorari*. *Croasdale* v. *Atlantic Quarter Sessions, supra*. In *Attorney-General* v. *Verdon,* 90 *N. J. L.* 494 (at *p.* 497), Chief Justice Gummere holds, in discussing the procedure to bring the accused before the court, "in fact, in this state no settled practice seems to exist," and cites *In re Cheeseman, supra,* and concludes that the required procedure is to lay the matters which constitute the contempt before the court, and afford the accused "a fair opportunity of denying or confessing their truth."

The second point argued is that "appellant was not strictly and legally served with process to appear as a witness."

The record discloses that several witnesses testified that two subpœnas were served upon appellant on Friday, April 5th, at the Prosecutor's office, calling for his attendance in Judge Duffy's court on Monday, April 8th, 1946, at ten o'clock in the forenoon to testify in the Mullanaphy and Topoleski cases, and that appellant was orally informed of the time and place for his appearance. The record shows that counsel stipulated the content of the subpœnas. This was done after counsel for appellant had demanded production of a copy of the subpœna and counsel for the state asserted his inability to produce such copy. Nor was there any denial of service or of the content of the subpœnas, or of the oral information as to such matters.

It is also argued that, inasmuch as appellant was not paid any witness fees, he was not required to answer the subpœna. Appellant seems to rely upon the statute with relation to civil proceedings, which provides for witnesses to receive such fee as the statute provides at the time of service of a subpœna. *R. S.* 2:97–16. The statutory provision for fees for a witness in criminal proceedings is found in *R. S.* 2:194–6, and provides, "When a trial shall be concluded in any court of this state on any indictment, the sheriff of the county where the verdict shall be rendered shall pay to the witnesses, who shall have been duly sworn to testify in behalf of the state * * *,

their legal fees before they leave the court." Appellant was a resident of Bayonne, in this state, was served in this state and was bound by the process duly served upon him.

We conclude that there is no merit in this ground of appeal.

The next point argued by appellant is that there was a failure of proof to establish design to contemn the process and authority of the court.

The record shows conclusively that appellant was duly served; that he was advised prior to the time of such service and at the time of service that his attendance at the stated time and place was required. He disregarded the process and clearly intended to do so. It appears that, after pleading guilty to the charges contained in the indictments, he made conflicting statements to members of the Prosecutor's staff, the truth of which were challenged. It would appear, therefore, that his failure to appear as required was deliberate and designed.

The last point is that the punishment imposed is harsh and unreasonable. The court was not bound by the statement in the subpœnas that "You are not to fail under penalty of two hundred and fifty dollars." The court had the parties before him and there is no proof that he was actuated by any motive except to see that such offense did not go unpunished and to impress persons with the duty of obeying such process.

However, under the statute, R. S. 2:15-5, it becomes the duty of this court to "give such judgment in the premises as it shall deem to be lawful and just under all the circumstances of the case, which judgment shall be enforced as the court shall order and direct."

We conclude and determine that appellant was guilty of a deliberate contempt of court as charged, and that he be sentenced to a term of sixty days in the Hudson County jail and to pay a fine of $200, and costs, for failure to obey the subpœna served upon him in State v. Mullanaphy et al., and to serve a sentence of sixty days in the Hudson County jail and to pay a fine of $200, and costs, for failure to obey the subpœna served upon him in State v. Topoleski et al., said jail sentences to be served consecutively; and the record will be remanded to the Hudson County Court of Quarter Sessions with direction to see that the judgment is put in effect.